United States District Court
Southern District of Texas
**ENTERED**
December 30, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE MIGUEL PERAZA MORENO, § § § | |
| Petitioner, § § | |
| v. § | CIVIL ACTION NO. H-25-6146 |
| § § | |
| PAMELA BONDI, *et al.*, § § | |
| § | |
| Respondents. § § § § | |

**ORDER**

The petitioner, Jose Miguel Peraza Moreno, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Montgomery Processing Center. Through counsel, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention pending removal proceedings. (Docket Entry No. 1). After considering the petition, the briefing, and the applicable law, the court grants in part Peraza Moreno's petition, (Docket Entry No. 1), and denies the motion for summary judgment. (Docket Entry No. 6).

As this court and other courts have articulated in numerous decisions, Peraza Moreno is properly subject to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Buenrostro-Mendez v. Bondi*, Civ. Action No. H-25-3726, 2025 WL 2886346 (S.D. Tex. Oct. 7, 2025); *Gutierrez v. Thompson*, Civ. Action No. 4:25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Buestan v. Chu*, No. 25-cv-16034, 2025 WL 2972252 (D.N.J. Oct. 21, 2025); *see also* Kyle Cheney, *More Than 100 Judges Have Ruled Against the Trump Admin's Mandatory Detention Policy*, POLITICO (Oct. 31, 2025), https://perma.cc/H6MZ-VC2Z. The court also notes that a district court in the

Central District of California certified a class of petitioners similarly situated to Peraza Moreno and granted summary judgment in their favor, holding that § 1226, not § 1225, applies to those in Peraza Moreno's position. *See, e.g.*, *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873, --- F. Supp. 3d ----, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025); *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873, --- F. Supp. 3d ----, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025).[1] The court has found no reason to depart from its prior decisions or the decisions of dozens of other courts.

The respondents must provide Peraza Moreno with a bond hearing under § 1226(a) by January 13, 2026, or release him. The parties are to update the court on the status of his bond hearing no later than January 16, 2026.

SIGNED on December 30, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

---

[1] Because there is a certified class but no class judgment, the district court's rulings in that case do not have preclusive effect in this litigation. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011). But "[u]nder the law of the case doctrine, courts will show deference to decisions already made in [a] case they are presiding over." *Abecassis v. Wyatt*, 7 F. Supp. 3d 668, 671 (S.D. Tex. 2014). "Federal courts" are still "expect[ed] . . . to apply principles of comity to each other's . . . decisions when addressing a common dispute." *Bayer*, 564 U.S. at 317. A class has been certified, Peraza Moreno is part of that class, and the class-action court expressly "extend[ed]" its ruling on the named petitioner's "declaratory relief" to the class "as a whole." *Maldonado Bautista*, 2025 WL 3288403, at *9. "This court owes comity to the class-actions court's rulings on the common issues." *Arellano v. Bondi*, No. 25-5454, ECF No. 13 at 4 (S.D. Tex. Dec. 9, 2025). Regardless, even if the court were to grant no deference to the rulings in the class action, it would not change the outcome of this case; the court has already independently concluded that § 1226, not § 1225, applies to petitioners like Peraza Moreno.